```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )   Criminal No. 2008-20
            v.                      )
                                    )
SIDNEI LUCAS De MIRANDA,            )
                                    )
            Defendant.              )
_____ )
```

ATTORNEYS:

**Ishmael A. Meyers, Jr., AUSA**
St. Thomas, U.S.V.I.
    *for the plaintiff,*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
    *for the defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Sidnei Lucas De Miranda ("De Miranda"), for a judgment of acquittal, a new trial, or an arrest of judgment pursuant to Rules 29, 33, and 34 of the Federal Rules of Criminal Procedure.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2008, De Miranda arrived at the Cyril E. King Airport in St. Thomas to begin a trip to Fort Lauderdale, Florida.  Like all persons traveling from the U.S. Virgin Islands

*United States v. De Miranda*
Criminal No. 08-20
Bench memorandum
Page 2

to the United States, he was asked for documentation. He presented a Washington state driver's license.

Because he said he did not have a passport and seemed nervous, he was sent to secondary inspection. When asked about his nationality, De Miranda said he was from Brazil. Customs agents ran a search and saw that De Miranda had previously been deported.

A grand jury returned a one count indictment charging De Miranda with re-entering the United States, after having been removed, in violation of 8 U.S.C. § 1326(a). Following a two day trial, a jury convicted De Miranda.

## II. DISCUSSION

### A. Rule 29

For a Rule 29 judgment of acquittal to be granted, the court must decide, as a matter of law, that the evidence presented at trial was insufficient to support the conviction. *United States v. Cohen*, 455 F. Supp. 843, 852 & n. 7 (E.D. Pa. 1978), *aff'd*, 594 F.2d 855 (3d Cir. 1979), *cert. denied*, 441 U.S. 947 (1979). In making that determination, the trial court is required to view the evidence in the light most favorable to the prosecution and to draw all reasonable inferences therefrom in the government's favor. *United States v. Ashfield*, 735 F.2d 101, 106 (3d Cir. 1984), *cert. denied*, 469 U.S. 858 (1984).

*United States v. De Miranda*
Criminal No. 08-20
Bench memorandum
Page 3

"Strict deference [must] be accorded the jury's findings; the court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *United States v. Charles*, 949 F. Supp. 365, 367 (D.V.I. 1996)(quoting *Woodby v. INS*, 385 U.S. 276, 292 (1966)). The inquiry to be made is whether, in light of the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See id.* (citing *Ashfield*, 735 F.2d at 106) (noting that "[o]ur task is not to decide what we would conclude had we been the finders of fact; instead, we are limited to determining whether the conclusion chosen by the [fact-finders] was permissible"). "A trial court has the duty to grant a judgment of acquittal when the evidence is so scant that the jury could only speculate as to the defendant's guilt." *United States v. Bazar*, Crim. No. 2000-80, 2002 U.S. Dist. LEXIS 19719, at *6 (D.V.I. Oct. 7, 2002).

**B. Rule 33**

When deciding a Rule 33 motion for a new trial, the court is provided more discretion than that afforded under Rule 29. Under Rule 33, the Court may grant a new trial "in the interest of justice." *Charles*, 949 F. Supp. at 368. In assessing such "interest," the court may weigh the evidence and credibility of witnesses. *United States v. Bevans*, 728 F. Supp. 340, 343 (E.D.

*United States v. De Miranda*
Criminal No. 08-20
Bench memorandum
Page 4

Pa. 1990), *aff'd,* 914 F.2d 244 (3d Cir. 1990).  If the Court determines that there has been a miscarriage of justice, the court may order a new trial. *Id.*  "The burden is on the defendant to show that a new trial ought to be granted. Any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." *United States v. Clovis*, Crim. No. 94-11, 1996 U.S. Dist. LEXIS 20808, at *5 (D.V.I. Feb. 12, 1996).

**C. Rule 34**

Rule 34 permits a court to arrest judgment if the indictment or information does not charge an offense, or if the court does not have jurisdiction of the charged offense.

In deciding a Rule 34 motion based on the indictment, "[a] court may not look beyond the face of the 'record' which consists of 'no more than the indictment, the plea, the verdict . . . when the plea is "not guilty" . . . and the sentence . . . .'" *United States v. Stolon*, 555 F. Supp. 238, 239 (E.D.N.Y. 1983) (quoting *United States v. Bradford*, 194 F.2d 197, 201 (2d Cir. 1952)); *see also United States v. Diaz*, Crim. No. 92-78, 1993 U.S. Dist. LEXIS 3569, at *5 (E.D. Pa. Mar. 25, 1993) ("A Rule 34 motion must be based solely on a defect apparent on the face of the indictment itself, and not on the sufficiency of the evidence adduced at trial.") (citing *United States v. Sisson*, 399 U.S.

*United States v. De Miranda*
Criminal No. 08-20
Bench memorandum
Page 5

267, 280-81 (1970)).

### III.   ANALYSIS

**A. Rule 29**

To convict De Miranda, the government had to prove: 1) that De Miranda was an alien, 2) that he had validly been deported at a previous time, 3) that he reentered or attempted to reenter the United States, and 4) that he did not have permission to reenter. *See* 8 U.S.C. § 1326.

De Miranda argues that the government's evidence as to all of the elements, but particularly with respect to his alienage, was insufficient.

The government provided evidence that De Miranda had previously been deported by presenting a form I-205 warrant of removal and deportation that bore De Miranda's name, photograph, and fingerprint. Brian Jones ("Jones"), a fingerprint analyst, testified that De Miranda's fingerprints that were taken at the airport matched those on the I-205. The I-205 served as sufficient evidence that De Miranda had previously been deported.

Customs agent Luis Rivera ("Rivera") testified that he inspected De Miranda at the Cyril E. King airport on March 14, 2008. Agent Rivera testified that De Miranda was attempting to travel to Florida. Rivera's testimony similarly provided sufficient evidence that De Miranda had attempted to enter the

*United States v. De Miranda*
Criminal No. 08-20
Bench memorandum
Page 6

United States.

Leslie Meeker ("Meeker"), the field office director for the U.S. Virgin Islands office of Citizenship and Immigration Services, testified that there was no record De Miranda had obtained official permission of the Attorney General of the United States to reenter the United States. Meeker's testimony provided sufficient evidence that De Miranda did not have permission to re-enter the United States.

With regard to alienage, the government presented evidence that De Miranda admitted he was born in Brazil. The government provided further evidence of alienage by presenting the form I-205 warrant of removal for De Miranda.

The government's proof of alienage, as De Miranda argues, presents a close issue. However, those two pieces of evidence, taken together, provided sufficient proof of De Miranda's alienage. *See United States v. Escarcega-Medina*, 178 Fed. Appx. 442, 443 (5th Cir. 2006)(unpublished opinion)(finding sufficient evidence of alienage where government had presented evidence of birth in Mexico, previous issuance of an immigrant visa, and prior deportations); *See also United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997) (upholding 8 U.S.C. § 1326 conviction where alienage evidence consisted of defendant's two separate statements that he was born in Mexico, evidence of

*United States v. De Miranda*
Criminal No. 08-20
Bench memorandum
Page 7

defendant having entered the United States by scaling a fence, and a record of prior deportation); *United States v. Hodulik*, 44 Fed. Appx. 656, 661 (6th Cir. 2002)(unpublished decision)(finding that "while neither the [summary order of deportation] nor an order of deportation, standing alone, would constitute sufficient evidence of alienage, such evidence could be used along with other corroborating evidence, to constitute sufficient independent evidence of alienage.").

The Court finds that based on the two pieces of evidence the government presented, a rational jury could have found De Miranda was an alien.  As such, the government's proof was sufficient for the jury to find De Miranda was an alien attempting to re-enter the United States after having been removed, who did not have permission to re-enter.

**B. Rule 33**

De Miranda was required to show there was newly discovered evidence or reversible error at his trial in order to be granted a new trial pursuant to Federal Rule of Criminal Procedure 33. "[A] district court 'can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred - that is, that an innocent person has been convicted.'" *United States v. Davis*, 397 F.3d 173, 181 (3d Cir.

*United States v. De Miranda*
Criminal No. 08-20
Bench memorandum
Page 8

2005)(quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)). Further, the "burden is on the defendant to show that a new trial ought to be granted." *Clovis*, 1996 U.S. Dist. LEXIS 20808, at *5.

Accordingly, the burden was on De Miranda to show that his trial resulted in a miscarriage of justice. De Miranda fails to meet his burden. He does not contend that there is any newly discovered evidence, nor that there was reversible error at his trial. Accordingly, relief pursuant to Rule 33 is unwarranted. *Cf. United States v. McLaughlin*, Crim No. 98-545, 2000 U.S. Dist. LEXIS 4598, at *24 (E.D. Pa. 2000)(denying a motion for new trial where the defendant made no argument that would have drawn into doubt her culpability).

**C. Rule 34**

De Miranda's request for relief pursuant to Rule 34 is similarly deficient. A successful Rule 34 "motion must be based upon failure of the indictment to charge an offense or upon a finding that the court was without jurisdiction of the offense." *United States v. Whitted*, 454 F.2d 642, 646 (8th Cir. 1972).

De Miranda has failed to articulate, what, if any defect afflicts the indictment in this case. Moreover, the Court has found no jurisdictional or substantive pleading deficiency. Accordingly, Rule 34 relief is not available.

*United States v. De Miranda*
Criminal No. 08-20
Bench memorandum
Page 9

## IV. CONCLUSION

The Court will deny De Miranda's motion. An appropriate judgment follows.

                                            S_____
                                              **CURTIS V. GÓMEZ**
                                                **Chief Judge**