IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>            Plaintiff,       )<br>                             )   Criminal No. 2008-20<br>       v.                    )<br>                             )<br>SIDNEI LUCAS De MIRANDA,     )<br>                             )<br>            Defendant.       )<br>_____) | |

ATTORNEYS:

**Ishmael A. Meyers, Jr., AUSA**
St. Thomas, U.S.V.I.
   *for the plaintiff,*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
   *for the defendant.*

### SENTENCING MEMORANDUM OPINION

**GÓMEZ, C.J.**

The defendant, Sidnei Lucas De Miranda ("De Miranda"), was indicted on May 2, 2008, for re-entering the United States, after having been removed, in violation of 8 U.S.C. § 1326(a). Following a two day trial, a jury convicted De Miranda.

On January 9, 2009, the Court held a sentencing hearing. At the conclusion of the hearing, the Court sentenced De Miranda to a term of time served. This opinion outlines the factors considered by the Court when it imposed that sentence.

*United States v. De Miranda*
Criminal No. 2008-20
Sentencing Memorandum Opinion
Page 2

In addition to the United States Sentencing Commission, Guidelines Manual, and the relevant statutes, the Court is required to give "meaningful consideration" to the factors set out in 18 U.S.C. § 3553(a) ("Section 3553(a)"). *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Section 3553(a), in pertinent part, provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the
> particular sentence to be imposed, shall consider–
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established . . . .

18 U.S.C. § 3553(a).

The crime of which De Miranda was convicted is a serious offense. Considering the Section 3553(a) factors, the Court imposed a sentence that would promote respect for the law and

Case: 3:08-cr-00020-CVG-GWB   Document #: 51   Filed: 01/22/09   Page 3 of 3

*United States v. De Miranda*  
Criminal No. 08-20  
Sentencing Memorandum Opinion  
Page 3

deter such criminal conduct. Additionally, the sentence imposed effects parity with similarly situated defendants.

                                                S_____  
                                                    **CURTIS V. GÓMEZ**  
                                                      **Chief Judge**